**Marshall E. HUTTON, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary, Health, Education and Welfare, Defendant.**

**Civ. A. No. C 78–0098 L(A).**

United States District Court, W. D. Kentucky, Louisville Division.

April 23, 1980.

Martin F. Sullivan, Jr., Louisville, Ky., for plaintiff.

Albert Jones, U. S. Atty., David N. Everett, Asst. U. S. Atty., Louisville, Ky., for defendant.

## MEMORANDUM OPINION

ALLEN, Chief Judge.

This appeal from a denial of Social Security disability benefits comes before us on the very narrow issue of whether the Court is required to remand this case, which has already been the subject of two administrative hearings, in order that the Secretary try the issues presented *de novo* and without reference to certain recently promulgated regulations.

A detailed exposition of the circumstances of the plaintiff's physical ills and of the general law applicable to the issues before this Court in prior proceedings may be found in the opinion of this Court of February 21, 1979, in which we found that remand to the Secretary would be appropriate.

At plaintiff's first hearing before the ALJ, i. e., before the adoption of the current regulations, the ALJ heard the plaintiff's testimony that he could not participate in any sustained activity without lying down for twenty minutes at a time every few hours. The ALJ also heard the testimony of a vocational expert to the effect that the plaintiff could work as a light assembler or as a cashier assuming that his limitations consisted principally of limited mobility and the need to alternate between standing and sitting positions at will. The vocational expert further testified that such jobs exist in substantial numbers in the national economy. The ALJ's first opinion stated the conclusion that the plaintiff was not credible in relating the degree of his disability, and found, based in part on the testimony of the vocational expert, that the plaintiff was, indeed, capable of performing substantial gainful activity.

This Court found on appeal that there was not substantial evidence in the record to support the ALJ's conclusion, in that there was no evidence tending to refute the plaintiff's description of his own disabilities. The plaintiff's treating physician, Dr. Shea, made clear that in his opinion the plaintiff was occupationally disabled, but the language of his report left unclear whether he meant that the plaintiff could merely no longer function as a teamster, or whether he considered him disabled for all work-related purposes. We remanded the case to the Secretary with instructions that the treating physician's report be clarified.

The plaintiff points out that his initial application was filed before the promulgation of 20 C.F.R. Secs. 404.1502 through 404.1513, which establish certain guidelines for determining disability, including the applicant's age, work history, education, and other variable criteria. The plaintiff moves for us to remand his case for rehearing before the ALJ, and in so moving, relies on *Showalter v. Harris*, Civil Action C 77–0278 L(B) (W.D.Ky., remanded January 11, 1980). The basic rule of *Showalter* is simple, i. e., when application for disability benefits is made before a change in regulations, and the administrative hearing takes place only after the change, the new regulations cannot be applied to the detriment of the applicant.

In the instant case, following the first hearing, the ALJ issued findings in which he rejected the plaintiff's credibility insofar as the plaintiff stated the need to lie down several times during the day. The vocational expert testified that if all of plaintiff's testimony other than his claims of having to lie down frequently were credited, there were a number of jobs which the plaintiff was capable of performing and

 

which existed in significant numbers in the national economy. Thus, the ALJ found that the plaintiff was not under a disability within the meaning of the Act.

On appeal, the case was remanded by this Court for further proceedings, not because there was any reason to believe that the ALJ had applied inappropriate criteria in determining whether the plaintiff was under a disability, but because we saw no basis in the record for this rejection of the plaintiff's testimony that he finds it necessary to lie down several times during the day in order to relieve his pain. Following remand, the Secretary requested that Dr. Shea, the treating physician, clarify his statement about plaintiff's disability. Dr. Shea was also asked directly whether he believed that the plaintiff should find it necessary to lie down frequently. Dr. Shea said that while the plaintiff is clearly disabled from his former work as a truck driver, he should be able to perform light work. He further said that in his opinion it should not be necessary for the plaintiff to lie down during the day.

With Dr. Shea's report providing the basis for the rejection of the plaintiff's testimony, the ALJ again found that the plaintiff is not under a disability within the meaning of the Act. Thus, it is apparent that use of the criteria set out in the new regulations was not even arguably used to the plaintiff's disadvantage—we have before us a hearing decision reached before the promulgation of the regulations. The ALJ, following the old regulations, reached the conclusion that the plaintiff was not disabled. The only reason that the case was remanded to the Secretary by this Court was the absence from the original record of evidence clearly permitting the ALJ to disbelieve the then uncontradicted testimony of the plaintiff that he needed to lie down several times during the course of the day. Once such evidence was supplied, the ALJ was entitled to find that the plaintiff was not disabled.

Thus, we find that *Showalter* does not apply to this case in that the plaintiff's position is no different under the new regulations than it was under prior practice. It would be foolish to remand this case in order to cause the Secretary to make a determination which has, in fact, already been reached. We, therefore, overrule the plaintiff's supplemental motion to remand.

An order in accordance herewith has this day been entered.